UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAULA MARIE LAFOND,

    Plaintiff,

v.                                                          Case No: 6:14-cv-1001-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court are the following motions filed by "Plaintiff's representative, Jeffrey W. Hensley:"

    1) Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b) (Doc. 26); and

    2) Unopposed Motion to Reopen Case to Process Plaintiff Attorney's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b) (Doc. 27).

Upon consideration, the Motion for Attorney Fees is **denied, without prejudice,** and the Motion to Reopen the case is **denied, as unnecessary.**

I. Background

On June 25, 2014, Plaintiff, through counsel Kimberly I. Daniels, filed this action pursuant to the Social Security Act, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Defendant, Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits (Doc. 1). The Commissioner answered and the parties consented to the jurisdiction of the United States Magistrate Judge (Docs. 10, 11). Plaintiff moved for an extension of time

(Doc. 17), and, on December 3, 2014, she filed a twenty one page brief in support of her Complaint (Doc. 19). The Commissioner filed a response brief (Doc. 20) and, on July 2, 2015, the Court reversed the Commissioner's administrative decision and remanded the matter pursuant to sentence four of 42 U.S.C. §405(g) (Doc. 21). A judgment in Plaintiff's favor was entered on July 6, 2015 (Doc. 22), and the case was closed. The docket reflects that at all times up through judgment, the only attorney appearing on Plaintiff's behalf was Kimberly I. Daniels, Esq.

On March 17, 2017, Plaintiff, "by her attorney, Jeffrey W. Hensley," moved the court pursuant to 42 U.S.C. § 405(g) to enter final judgment for Plaintiff "as a prerequisite to filing a motion for award of attorney fees pursuant to the Equal Access to Justice Act." (Doc. 23). Observing that final judgment under Section 405(g) was already entered in Plaintiff's favor, the Court denied the motion, noting procedural irregularities and finding that counsel did not establish that Plaintiff was entitled to another judgment, nor that the Court had jurisdiction to grant it (Doc. 25). The instant motions filed shortly thereafter.

In separate motions, Mr. Hensley moves to reopen the case in order to award him $12,495.00 in attorney fees, pursuant to 42 U.S.C. §406(b), "for work before the Court." (Doc. 26 at 1, and Doc. 26-1). He attaches to the motion "a copy of the attorney's time records" (Doc. 26-1) and represents:

> Plaintiff, *by her attorney, Jeffrey W. Hensley*, filed a Complaint seeking judicial review of an unfavorable decision. The Court reversed the Commissioner's decision and remanded the case for further proceedings. Upon remand, the Commissioner entered a favorable decision on February 16, 2017. The Notice of Award (NOA) was issued on March 7, 2017. See Exhibit "A" attached hereto. The claimant was awarded the sum of $79,688.00 in past due benefits of which the sum of $19,922.00 has been withheld in anticipation of direct payment of attorney Fees. The undersigned is requesting that *the Court issue an order awarding him*

> *attorney fees to be paid by the claimant of $12,495.00*. The undersigned will petition the Commissioner, pursuant to 42 U.S.C. § 406(a) for attorney fees of $7427.00 to be paid by the claimant from the remainder of the funds being withheld.

(Doc. 27 at 1-emphasis added). Mr. Hensley notes that the total attorney fee being sought does not exceed 25% of the past due benefits and represents that no other attorney fees have been or will be paid. The motions purport to be unopposed by the Office of General Counsel.

    II. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("EAJA"). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court

may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] Dawson applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. See Paltan v. Comm'r of Soc. Sec., 518 F. App'x. 673 (11th Cir. 2013); Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314 (11th Cir. 2012).[2]

As for the third avenue of attorney compensation, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

The application of these provisions in this circuit means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See, e.g., Paltan, 518 F. App'x.at 674; Bookman,

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981).
[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

490 F. App'x 314; Westfall v. Comm'r of Soc. Sec., Case No. 6:14-cv-784-DAB (M. D. Fla. April 19, 2016); Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-ORL, 2015 WL 476190 (M.D. Fla. Feb. 5, 2015); Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.")

Next, the fee itself must be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

III. Discussion

There is so much wrong here that the Court scarcely knows where to begin. Initially, there is no showing that Mr. Hensley represented Plaintiff in this case. Although

he states that *he* filed the complaint, he did not; Ms. Daniels did.[3] As such, the "attorney's time records" attached to the motion (Doc. 26-1) do not represent time he spent on this file. To the extent the time records, which do not identify a timekeeper, are, in fact, the records of Ms. Daniels, there is no evidentiary basis to credit them. Even if the records were accompanied by an Affidavit of Ms. Daniels attesting to their accuracy, Mr. Hensley has made no showing that he is entitled to claim an award of fees for work performed by someone else. Next, the Court turns to the calculation of the fees sought.

Even if the motion for fees was brought by the appropriate attorney, the motion *provides no basis* for the award. As noted, under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). The starting point for a determination of reasonableness is the agreement between the claimant and his or her attorney regarding the representation. As the Eleventh Circuit has noted:

> In Gisbrecht v. Barnhart, the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. See 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, see Gisbrecht, 535 U.S. at 807, 122 S.Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, *courts must look to the agreement made by the parties and*

---

[3] It is true that Ms. Daniels appears to be a lawyer associated with the "Law Office of Jeffrey W. Hensley, PA." Nonetheless, appearances are personal to the attorney, and Mr. Hensley's signature does not appear on any filing prior to the post-judgment motions in this case.

> *independently review whether the resulting fee is reasonable under the circumstances*. Id.

Keller v. Comm'r of Soc. Sec., 759 F.3d 1282, 1284 (11th Cir. 2014) (emphasis added). Although the Court is directed to look to the parties' agreement, Mr. Hensley offers no agreement for the Court to review. As the motion is silent as to any attorney/client agreement, contingency fee or otherwise, the Court cannot presume its existence or that the terms call for an award of 25% of the past due benefits. "Gisbrecht did not authorize the award of a contingent fee under § 406(b) in the absence of a contingent fee agreement." Bentley v. Comm'r of Soc. Sec., 524 F. Supp. 2d 921, 925 (W.D. Mich. 2007). Mr. Hensley has provided no contractual basis for a fee of $12,495.00 here.

This does not end the analysis, as the absence of a contingency fee agreement does not foreclose all relief under § 406(b). See, e.g., Greenberg v. Colvin, 63 F. Supp. 3d 37, 50 (D.D.C. 2014) ("The statute ... does not demand a contingent agreement ... courts have held that fees under § 406(b) may be available where there is no contingency arrangement between the claimant and his counsel."). As Judge Whittemore stated:

> Although the Supreme Court recognized the customary use of contingency fee agreements, the court did not address a situation, as here, where no contingency fee agreement was entered into before an award is made. This Court does not agree that Grisbrecht prohibits a fee award where there is not a contingency fee agreement. Rather, the lodestar approach applies. "In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the "lodestar"-the number of hours reasonably expended multiplied by a reasonable hourly rate." Bentley, 524 F.Supp.2d at 925 (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40(1983)).

Sanfilippo v. Comm'r of Soc. Sec., No. 804-CV-2079-T-27MSS, 2008 WL 1957836, at *3 (M.D. Fla. May 5, 2008), *aff'd*, No. 08-14203, 2009 WL 1532039 (11th Cir. June 3, 2009). See also Thomas v. Astrue, 359 Fed.Appx. 968, 974-75 (11th Cir.2010) (finding "[e]ven

- 7 -

though there was no valid contingency agreement in the present case, Gisbrecht's principles should guide the district court in determining a reasonable § 406(b) fee."). Thus, assuming no fee agreement exists, the Court could still perform an analysis, consistent with the lodestar approach and the Gisbrecht principles, and arrive at a reasonable fee. The problem is that even if the Court assumes Mr. Hensley was the attorney who performed the work (an assumption the Court is not prepared to make for the reasons noted above), and even if the Court accepts that Mr. Hensley is entitled to some fee under §406(b), the record is devoid of *any* showing of the necessary factors to apply the Gisbrecht principles, calculate the lodestar, or evaluate the reasonableness of any award.

In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808. Moreover, "courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fees." Haynes v. Comm'r of Soc. Sec., No. 3:13-CV-1149-J-PDB, 2017 WL 960649, at *2 (M.D. Fla. Mar. 13, 2017), citing Jeter v. Astrue, 622 F.3d 371, 382 (5th Cir. 2010). Other than an unverified record of hours and the amount of past-due benefits from which the Court can calculate the percentage the fees would consume, Mr. Hensley has not presented any information for the Court to use in assessing whether the request is reasonable. There is no showing as to his hourly rates or experience, no contentions regarding the difficulty of

the case or its value to claimant (other than the Notice of Award itself), and nothing to indicate the Plaintiff's position with respect to the request. In fact, there is no showing that Plaintiff is even aware of the motions.[4]

The attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Gisbrecht. As Mr. Hensley has not provided any factual basis establishing that he provided the services rendered, or that the fee sought is reasonable for the services rendered, the motions are **DENIED.** The motion for fees may be renewed within fourteen days, upon a full evidentiary showing addressing all of the deficiencies noted herein. It is not necessary to file a motion to reopen the case in order to consider the fee petition.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] In the usual case, Plaintiff's consent is presumed by his or her signature on the Fee Agreement.